Ruffin, C. J.
 

 No title passcdbyt.be sheriff’s sale. — • When the vendor retains the title, as a security for the purchase money, and a balance remains due, the vendee has not such a trust as is made liable to execution by the 1st section of the act of 1812,.so as to divest the legal title of the vendor. That was settled as soon as the aet passed. Consequently the constable’s levy was ineffectual, at the time it was made and returned. It follows, likewise, that the sale under the
 
 venditioni exponas
 
 was equally inoperative, notwithstanding the debtor may have acquired the legal title, while the sheriff had the latter writ in his hands. The case may be considered, as if the
 
 fierifacias
 
 had been issued from a Court of record and directed fo the sheriff'. The debtor’s interest in the premises could
 
 *459
 
 not have been sold or taken under it, at any time before its return, inasmuch as it was not subject to execution; and, if there had been a sale under the
 
 fieri facias,
 
 the subsequently acquired legal estate would have been unaffected by it, because the law only sells estates under its process, and not the chances- of an estoppel.
 
 Flynn
 
 v.
 
 Williams,
 
 Ire. 509
 
 Gentry
 
 v.
 
 Wagstaff,
 
 3 Dev. 270. It must be the same with the sale under the
 
 venditioni exponas,
 
 since that was founded upon the levy, which was made and returned, when the debtor had no estate. That results from the effects of a
 
 fieri facias
 
 on land and from the peculiarity o f the
 
 venditioni exponas.
 
 The levy of the
 
 fieri facias
 
 does not vest either the title or the possession of land in the sheriff, but merely confers on him the power to sell the debtor’s estate or interest, such as it is, while he has the writ in his hands before the return day.
 
 Barden
 
 v.
 
 McKinnie,
 
 4 Hawks 279. If a title accrue to the debtor after the levy, but while the
 
 fi. fa.
 
 is in force, no doubt it may be sold, and will pass by the sale of the land, simply, without special reference to the new title ; for it is within the mandate of the writ under which the sale is made, ‘ffhat may be true, also, when a sale was not made on th
 
 of. fa.,
 
 but on a
 
 venditioni exponas,
 
 but a title accrued to the debtor between the levy and the return of the
 
 fa.
 
 But it seems clear, that the
 
 venditioni exponas
 
 does not attach to an estate, acquired by the debtor after the return of
 
 the fieri facias.
 
 In respect to chattels, that writ confers no authority to take or even to sell them, but is merely to compel the sale of property before vested in the sheriff and in his possession, which he might sell without the writ. It is, indeed, otherwise in respect to realty. There the office of the writ is to confer an authority on the sheriff, as well as to compel him to sell.— But it is not an authority to take anything. It is merely to sell the land, and that only, which the levy of the
 
 fieri facias
 
 placed in
 
 custodia lefts,
 
 and appropriated to the
 
 *460
 
 satisfaction of the debt, and which is identified in the writ. The
 
 venditioni exponas,
 
 therefore, relates to the
 
 fieri facias,
 
 and is a warrant to the sheriff to do then, what he might have done under
 
 the fieri facias,
 
 while it was in force ; and it can have no other effect.
 
 Tarkinton
 
 v.
 
 Alexander, 2
 
 Dev. & Bat. 57.
 
 Smith
 
 v.
 
 Spencer,
 
 3 Ire. 265. The levy of the
 
 fieri facias
 
 created a specific lien on the estate of the debtor as it was at the teste of the writ and at any time between the teste and the return, which could not be enforced by virtue of the
 
 fieri facias,
 
 itself, as it might be as to personals, but required a
 
 ven-ditioni exponas
 
 for that purpose. Still the latter writ gave no more power to sell than the sheriff once had under the
 
 fieri facias,
 
 if he had exercised it, when he had the
 
 fieri facias ;
 
 because its object is only to have a sale of what was lawfully taken on the
 
 fieri facias,
 
 and nothing more. An estate in this land, which accrued after the
 
 venditioni exponas
 
 sued, is therefore no more subject to it than any other tract of land, purchased out and out in the interim, would be; for, in a legal sense, the one was no more levied on than the other. It is unnecessary, therefore, to enquire into the operation oFthe deeds between the defendant and Gordon, and Bond ; for supposing Gordon to have gained a title thereby, which was liable to execution, it was not liable to the particular execution, under which it was sold. For that reason the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.